UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BARBARA HENRY** | : | **DOCKET NO. 3:22-CV-04700** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR** |
| **NATIONAL GENERAL INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an oral voluntary motion to dismiss made by plaintiff Barbara Henry. Doc. 18. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. Doc. 19.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED**.

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. Plaintiff recently became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order"). Doc. 16. The Termination Order set a status conference in open court before the undersigned on November 29, 2023. *Id.* Plaintiff appeared at the status conference and expressed her wish to voluntarily dismiss this matter. Doc. 17. We note that a status conference was also set for the same date and time in another matter involving this plaintiff, styled *Henry v. Imperial Fire & Casualty Insurance Co* (3:22-cv-04903-JDC-KK). Plaintiff did not express a wish to dismiss the *Imperial Fire* matter.

Having heard plaintiff's motion to dismiss in this matter, the undersigned finds it a competent expression of plaintiff's wish to no longer prosecute this case against this defendant. Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss [doc. 18] be **GRANTED,** and that plaintiff's claims against defendant National General Insurance C.o be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 4th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE